UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| DAHVED MALIK LILLACALENIA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:19-CV-132-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| THE CLUB HOUSE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Dahved Malik Lillacalenia filed a *pro se* civil complaint against "The Club House/Peak Campus Companies LP," alleging employment discrimination claims under Title VII of the Civil Rights Act and the Americans with Disabilities act of 1990. [R. 1]  Defendant Peak Campus Management LLC filed a Motion to Dismiss and Compel Arbitration. [R. 8]  Rather than responding to Defendant's motion, Plaintiff filed a Notice of Appeal to the Sixth Circuit [R. 9], which the Sixth Circuit predictably denied for lack of jurisdiction. [R. 13]  After the Sixth Circuit's order, Defendant filed a Motion for a Telephonic Status Conference to clarify the proper defendant in this action, since Defendant claims the Plaintiff's Complaint erroneously interchanges between "Peak Campus Companies LP" and "The Clubhouse," rather than correctly name Defendant Peak Campus Management LLC. [R. 12]

On October 24, 2019, the Court granted Defendant's Motion for a Telephonic Status Conference and ordered Plaintiff to contact the Court within seven days from receipt of the order. [R. 17]  In this order the Court warned Plaintiff that his failure to contact the Court may result in dismissal of this action for failure to prosecute. [*Id.*]  Plaintiff has not contacted the Court or responded in any manner to Defendant's Motion or the Court's Order.  The Court made numerous attempts to reach Plaintiff, including leaving messages at the phone number provided to the Court by

1

Plaintiff. The Court also sent this Order by Certified Mail to the address Plaintiff provided. [R. 17; 18] However, on November 19, 2019, the United States Postal Service's tracking system indicated that the mailed order could not be delivered, was held for the required number of days, and was being returned to sender as unclaimed. [R. 19]

Upon filing the instant action, Plaintiff assumed the responsibility of keeping this Court advised of his current address and of actively litigating his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Plaintiff having failed to comply with a straightforward Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action. Plaintiff has also failed to comply with this Court's Local Rules by failing to provide written notice of a change of address and

has failed to take any action in this case for over five months, and as such, the Court concludes this case must be dismissed for lack of prosecution without prejudice. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order of dismissal.
This the 20th day of November, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, pro se
Counsel of Record